IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PHILLIP DUGAN, #A4007899, | ) | Civ. No. 07-00236 DAE-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL; |
| vs. | ) | WAIVING PAYMENT OF FILING |
| | ) | FEE; AND ENTERING |
| GOVERNOR LINDA LINGLE, | ) | VOLUNTARY DISMISSAL OF |
| | ) | ACTION |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL;
WAIVING PAYMENT OF FILING FEE;
AND ENTERING VOLUNTARY DISMISSAL OF ACTION**

Before the court is Plaintiff's letter request for appointment of counsel, which is construed as a motion, and Plaintiff's first amended complaint ("FAC"). Plaintiff requests that the court consider his motion "before screening takes place," and if the motion is denied, states that he "will be forced to request a dissmissal [sic] without prejudice on this case."[1] The court construes this statement as Plaintiff's notice of voluntary dismissal in the event that his motion for appointment of counsel is denied.

---

[1] Plaintiff apparently believes that, if he voluntarily dismisses his action, he will not be required to pay the filing fee in this action. (*See* Doc. No. 9, Transmittal Letter, "Please answer before screening takes place so I may save what little monies I have left.")

For the following reasons, the court DENIES the motion for appointment of counsel. Having denied the request, and in the interests of justice, the court WAIVES payment of Plaintiff's filing fee, and enters Plaintiff's notice of VOLUNTARY DISMISSAL of this action, without prejudice.

## I. BACKGROUND

Plaintiff filed this prisoner civil rights action on May 8, 2007. Plaintiff has also recently filed two other substantially similar prisoner civil rights actions. *See Dugan v. Tani, et al.*, Civ. No. 07-00216 HG, filed April 26, 2007; and *Dugan v. Kamanu*, Civ. No. 07-00226 JMS, filed April 30, 2007.

On May 18, 2007, the court held a status conference with Plaintiff and representatives for the Hawaii Department of Public Safety. The magistrate judge informed Plaintiff that, as the claims in his three actions appeared to be based on many of the same events, he should consider combining all of the claims into one complaint to avoid paying the $350.00 filing fee for each action. Plaintiff declined to do so. Plaintiff's in forma pauperis applications in all three actions were later granted.

The court then screened Plaintiff's complaint and, on May 31, 2007, dismissed it for failure to state a claim.[2] (Doc. No. 8.) Plaintiff was given until June 29, 2007, to file an amended complaint to cure the deficiencies in the original complaint, if possible.

On June 8, 2007, the court received Plaintiff's FAC, dated May 31, 2007, and his letter request for appointment of counsel. (Doc. No. 9.) Plaintiff states that he cannot effectively prosecute this action without an attorney. He requests that the court consider his request for counsel *prior* to screening his action. Plaintiff states that, if his request for appointment of counsel is denied, he "will be forced to request a dismissal without prejudice on this case. . . . So I may save what little monies I have left. I don't want to have this court stricken or dismiss my complaint because of my lack of effectiveness." (Doc. No. 9, Transmittal Letter.)

## II. DISCUSSION

There are several problems inherent in Plaintiff's request for appointment of counsel or, in the alternative, request to dismiss this action without prejudice and without prepayment of fees. First, Plaintiff's in forma pauperis

---

[2] Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the court is obligated "to review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

3

application has already been granted and the Department of Public Safety has already been ordered to withdraw funds from his prison trust account. Second the present action has already been screened and dismissed for Plaintiff's failure to state a claim.

Third, because the FAC was obviously executed and sent before Plaintiff received the order dismissing his complaint, it does not address or cure the deficiencies in the original complaint. Plaintiff's claims against Governor Lingle in the FAC, therefore, still fail to state a claim and are insufficient to impose liability upon her.

### A.  *Appointment of Counsel is Denied*

On the one hand, Plaintiff seeks appointed counsel based on his in forma pauperis status. On the other hand, if the court will not appoint him counsel, he seeks to voluntarily dismiss this case, alluding to his inability effectively prosecute this action and to afford the cost of this suit. Plaintiff is apparently seeking to avoid payment of the filing fee required by the PLRA when an inmate is granted such status. This is, however, precisely the situation that the magistrate judge attempted to avoid by holding the May 18, 2007 status conference.

The court, in its discretion, "may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

1991); *see also Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (citation omitted). Neither factor is dispositive and both must be viewed together before reaching a decision on request for counsel under § 1915. *Id.*

      The present action does not support the appointment of counsel. First, Plaintiff is and has been able to adequately articulate his claims pro se. He did so at the status conference, in his FAC, and in his letter request for counsel. Plaintiff may have been confused about the financial and judicial consequences of filing these three actions, and may have acted hastily in filing three separate actions, but he has now clarified his claims and adequately set forth his intent in instituting these actions and his prayers for relief.

      Second, Plaintiff's claims in this action are not so complex or difficult that he is unable to prosecute them. Plaintiff is also clear about the strategy he intends to pursue in this litigation and the outcome he seeks: either an attorney appointed to press his case, or the voluntary dismissal of this action, without prejudice and without payment of fees.

Third, the court has already screened Plaintiff's claims set forth in this action against Governor Lingle, and has determined that they do not state a claim. It is unlikely that Plaintiff will ever be able to show Governor Lingle's requisite personal involvement in his claims. Plaintiff's likelihood of success on the merits is, therefore, slim. Plaintiff's case simply does not present such extraordinary circumstances warranting the appointment of counsel and his request for appointment of counsel is DENIED.

### C. *The Filing Fee is Waived*

In the interests of justice, however, based on the timing of Plaintiff's requests for relief, his apparent misunderstanding of the financial consequences of his actions in filing three separate complaints, and his sincere plea for the voluntary dismissal of this action without prejudice and without payment of filing fees if he is not granted the appointment of counsel, the court hereby WAIVES payment of the filing fee in this action.

Plaintiff is warned, however, that this is an extraordinary, non-binding and non-precedential result, available only at the discretion of the court. The district judges handling Plaintiff's two other civil actions are not bound by this decision, and may require that Plaintiff pay the filing fees in those actions as they see fit. In fact, it would seem objectively reasonable and just if Plaintiff were held

to payment of his fees in at least one of his other actions.  Here, however, as discussed below, he shall be allowed to withdraw his action without prepayment of fees or other prejudice.

### D. *Voluntary Dismissal Without Prejudice is Entered*

Plaintiff's statement that, if he is not granted appointment of counsel, he "will be forced to request a dissmissal (sic) without prejudice on this case," is treated as a notice of voluntary dismissal of this action, pursuant to Fed. R. Civ. P. 41(a)(1).  Under Rule 41(a)(1)(i), "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  Plaintiff needs no order of court to effect a voluntary dismissal of his action. *Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) ("Because the dismissal is effective on filing and no court order is required, '[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.'" (citation omitted)).  Because his request was filed within a letter, however, the court DIRECTS the Clerk to construe his letter as a notice of voluntary dismissal and enter the request.

Plaintiff's voluntary dismissal of this action SHALL NOT count as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g).  Plaintiff is now on notice, however, that any subsequent actions that he files will be subject to *all* of the mandates set forth in the PLRA, including full payment of the filing fee, prompt screening of his complaint, and imposition of a strike should the complaint be dismissed as frivolous, malicious, or for failure to state a claim.

### III.  CONCLUSION

1. Plaintiff's request for appointment of counsel is DENIED.

2. The filing fee is WAIVED in this action and Plaintiff is relieved from the order requiring payments to be withdrawn from his prison trust account to pay for the commencement of this suit.

The Clerk shall send a copy of this order to Plaintiff, to the Director of the Hawaii Department of Public Safety, and to Thomas Read, Department of Public Safety Offender Management Administrator, 919 Ala Moana Blvd., 4th Floor, Honolulu, Hawaii 96814.  Mr. Read is to take steps to ensure that funds **ARE NOT COLLECTED** from Plaintiff's prison trust account in this matter.

3. The Clerk is DIRECTED to enter Plaintiff's notice of voluntary dismissal and to terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 19, 2007.



_____
David Alan Ezra
United States District Judge

*Dugan v. Lingle*, Civ. No. 07-00236 DAE-KSC; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; WAIVING PAYMENT OF FILING FEE; AND ENTERING VOLUNTARY DISMISSAL OF ACTION; dmp\Screening 07\Dugan 07-236 DAE (vac IFP vol dsml)